[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM
In this foreclosure action, the plaintiff moves to strike the counterclaim of the defendant, which counterclaim is set forth in two counts, the first count alleging a private remedy on account of a violation of the Connecticut Creditors Collections Practice Act, Conn. Gen. Stats. § 36-243a, et seq., and the second count alleging a violation of the Connecticut Unfair Trade Practices Act, based on the allegations of a violation of the CCCPA set forth in the first count. The motion to strike the counterclaim is granted. CT Page 11498
Practice Book § 116 permits a defendant to file a counterclaim provided "each such counterclaim . . . arises out of the transaction . . . which is the subject of the plaintiff's complaint." Counterclaims are permitted where it will be more efficient to try the allegations of the complaint and the counterclaim in one judicial proceeding, the presumption being that proof necessary to the issues raised in the complaint will also be necessary in the proof of issues raised by the counterclaim.
The thrust of the counterclaim in the instant case is that, prior to instituting the present foreclosure action, plaintiff sent a letter to the defendant which, defendant claims, violated the CCCPA. This is an insufficient nexus with the issues of the complaint and the counterclaim is stricken for that reason.
The court does not need to reach the second ground alleged for the striking of count one of the counterclaim, that is that the CCCPA does not provide a private right. Were it to decide the issue, the court might well be inclined to follow the well-reasoned opinion of Aurigemma, J., in Connecticut National Bank v. Montanari,et al., Docket No. CV-92-0517808S, Judicial District of Hartford/New Britain at Hartford, January 26, 1994.
Defendant makes a persuasive argument, citing federal authority (copies of which were not provided to the court) to the effect that a CUTPA violation may stem from a violation of the CCCPA. For that to be the case, the CUTPA violation could only permissibly be in one count, assuming, arguendo, that no private right exists under the CCCPA. However, the court does not reach that issue since the counterclaim is stricken for insufficient nexus with the issues arising from the complaint.
Koletsky, J.